

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

No. 2:07-cr-278

UNITED STATES OF AMERICA,

v.

ANTHONY ROSE,

                Defendant.

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

    Defendant Anthony Rose has filed a motion for compassionate release, seeking early release from a term of imprisonment due to the risks of COVID-19. The government agrees that Mr. Rose suffers from serious underlying health conditions (namely, obesity) and that those health conditions constitute "extraordinary and compelling" reasons for release under 18 U.S.C. § 3582(c)(1)(A). Despite that, the government argues that the ordinary sentencing factors under 18 U.S.C. § 3553(a) do not warrant a sentence reduction. After careful consideration, the Court disagrees, and will **GRANT** Mr. Rose's motion.

    This Court has previously discussed the standard for granting such motions in *United States v. Somerville*, ___ — F. Supp. 3d —, 2020 WL 2781585 (W.D. Pa. May 29,

2020). Under that standard, there is no doubt that a medically compromised prisoner's showing of non-speculative risk of exposure to COVID-19 can justify compassionate release, unless the § 3553(a) sentencing factors weigh significantly against that outcome. After all, a prison sentence should "not include incurring a great and unforeseen risk of severe illness or death." *United States v. Rodriguez*, — F. Supp. 3d —, 2020 WL 1627331, at \*12 (E.D. Pa. Apr. 1, 2020).

As noted, the existence of an "extraordinary and compelling" reason to release Mr. Rose is not in dispute. The issue is just whether the Section 3553(a) factors require the Court to keep him in prison regardless.

Mr. Rose recently completed a 12-year state sentence for robbery, and is in limbo now at a transitory detention center, waiting to be transferred to a BOP facility to complete a 12-month (and one day) sentence for a federal probation violation. He has already served about three months on his federal detainer, and it appears unlikely that he will ever get transferred to a federal BOP facility given the ongoing pandemic. Further, it seems likely that Mr. Rose would, if in BOP custody, qualify for good-time credit of about two months and release to a halfway house for the last six months of his sentence. So, in the end, the motion before the Court is effectively asking the Court to reduce Mr. Rose's prison stay by about one month.

Considering Mr. Rose's undisputed health risks, and taking a holistic view of all the Section 3553(a) sentencing factors—including the lengthy state sentence he just served, his health conditions, and the nature of his underlying federal offense (counterfeiting)—the Court finds that a sentence reduction of this kind is warranted. As such, the Court will convert the remainder of Mr. Rose's sentence to a sentence of time served, with the originally imposed term of supervised release to commence immediately. The Court will also impose one additional condition—the first six months (180 days) of Mr. Rose's supervised release term shall be served in a residential reentry center or equivalent facility selected at the discretion of the Probation Officer.

## ORDER

**AND NOW,** this **6th day of October, 2020,** on consideration of Mr. Rose's motion for compassionate release, it is **HEREBY ORDERD** that the motion is **GRANTED** as follows:

1. Mr. Rose's remaining prison sentence is converted to a sentence of time served, to be followed by the originally-imposed term of supervised release, except that, as set forth below, Mr. Rose shall remain in custody until (1) he has completed a 14-day quarantine period; and (2) the Probation Office has finalized arrangements for placement in a residential reentry center.

2. In anticipation of his release, the Court **ORDERS** that the government, the Bureau of Prisons, the Probation Office, and the appropriate state prison authorities take all steps necessary to immediately place Mr. Rose in quarantine at his current facility or any other appropriate location selected by BOP, for a period of 14 days. During the quarantine period, the Bureau of Prisons may conduct any necessary medical clearance and fulfill any obligations under relevant statutes.

3. Upon release, Mr. Rose shall commence his term of supervised release. Mr. Rose shall be subject to the same supervised-release conditions imposed at sentencing, except that those conditions shall be modified to add the special condition that Mr. Rose be placed in a residential reentry center to begin his supervised release term, for a period of **180 days**. Mr. Rose shall remain in custody until the Probation Office can finalize arrangements for placement at the residential reentry center.

4. The Court **ORDERS** the Probation Office to begin the process of placing Mr. Rose in an appropriate residential reentry facility immediately, and to advise the parties and the Court if placement is expected to significantly delay Mr. Rose's release.

DATED this 6th day of October, 2020.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge